**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4351**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSEPH IYOBOSA OSAMWONYI,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:03-cr-00435-REP-1)

Submitted: October 25, 2010          Decided: November 29, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Iyobosa Osamwonyi appeals the district court's order revoking his supervised release and sentencing him to six months' imprisonment, followed by four years and six months' supervised release. On appeal, Osamwonyi contends that his sentence is plainly unreasonable. Finding no reversible error, we affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

We first must decide whether the sentence is unreasonable, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A sentence is procedurally reasonable if the district court has considered the policy statements contained in chapter seven of the U.S. Sentencing Guidelines Manual ("USSG") and the applicable § 3553(a) factors and has explained adequately the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Id. at 439. A sentence is substantively reasonable if the district court states a proper basis for its

2

imposition of a sentence up to the statutory maximum. Id. at 440. If, after considering the above, we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

Osamwonyi argues that both the imprisonment and supervised release term imposed by the district court are plainly unreasonable. Because Osamwonyi was released from prison on September 10, 2010, and has not demonstrated any collateral consequences of his imprisonment, we hold that Osamwonyi's challenge to his imprisonment upon revocation is moot. See United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008).

Further, we hold that the district court's imposition of four years and six months of supervised release was not unreasonable. Procedurally, the district court adequately explained its chosen sentence and considered the § 3553(a) factors and USSG chapter seven policy statements. Substantively, the district court stated a proper basis for sentencing Osamwonyi within the statutory maximum. A term of supervised release imposed upon revocation is limited to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C.A. § 3583(h) (West 2000 & Supp. 2010). Osamwonyi's bank fraud conviction, resulting in his

3

original term of supervised release, is a Class B felony, see 18 U.S.C. § 3559(a)(1) (2006); 18 U.S.C. § 1344 (2006), for which the maximum term of supervised release is five years. USSG § 5D1.2(a)(1) (2003). Thus, the district court did not err when it imposed a four and a half year period of supervised release (five year maximum minus six month term of imprisonment imposed upon revocation). Because we conclude that Osamwonyi's sentence was not unreasonable, we need not consider whether it was plainly so.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4